**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**CHANTE OTT,**

              **Plaintiff,**

   **v.**                                                                         **Case No. 09-C-870**

**CITY OF MILWAUKEE,
ARTHUR L. JONES,
NANNETTE H. HEGERTY,
CARL BUSCHMANN,
JAMES DEVALKENAERE,
ROBERT SIMON
ERIC MOORE,
RICKY BUREMS,
MICHAEL VALUCH,
PERCY MOORE,
MICHAEL DUBIS, and,
OTHER AS-OF-YET
UNKNOWN EMPLOYEES OF
THE CITY OF MILWAUKEE,**

              **Defendants.**

---

## DECISION AND ORDER

---

The Plaintiff, Chaunte Ott ("Ott"), filed this action against the Defendants, the City of Milwaukee ("the City"), a number of individual City of Milwaukee Police Department (the "MPD") officers, and other as-of-yet unknown employees of the City (collectively "the individual Defendants"), under 42 U.S.C. § 1983 stemming from his wrongful conviction for the 1995 murder of Jessica Payne ("Payne"). (Compl. 8.) Ott alleges that the Defendants

coerced false statements from two men implicating him for the murder. (Compl. 7.) Ott further alleges that the Defendants failed to fulfill their ongoing obligation to disclose information to him when, in 2003, they learned that the DNA profile from Payne's murder matched a DNA profile from the murder of another woman. (Compl. 9.) Ott remained imprisoned for another four years after this DNA information was discovered. (Compl. 9.) Ott ultimately moved for a new trial. (Compl. 9.) His conviction was overturned and his case was remanded for a new trial. (Compl. 10.) Ott was released on bail on January 8, 2009. (Compl. 10.)

Ott alleges that employees and agents of the City, including the MPD and the individual Defendants, withheld exculpatory evidence and fabricated other evidence pursuant to the policies and practices of the City. (Compl. 14.) Ott seeks to recover from the City under *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658 (1976), alleging that city customs, policies, and practices caused the violations of his constitutional rights.

Three discovery related-motions are pending. This Decision and Order addresses: 1) the Defendants' motion to bifurcate discovery; and 2) Ott's motion to compel discovery.

Also pending is the Wisconsin State Crime Laboratory and the Wisconsin Department of Corrections' (collectively, the "State agencies") amended motion to quash subpoenas. That motion will be addressed in a separate decision.

### *Defendants' Motion to Bifurcate Discovery*

The Defendants have moved to bifurcate and stay discovery on all *Monell* claims until after the completion of discovery relating to the claims against the individual Defendants and the resolution of a dispositive motion that they intend to file. (Defs.' Mot. Bifurcate Dis. 1.)

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." A district court has discretion in deciding whether to bifurcate discovery involving *Monell* claims. *Cadiz v. Kruger*, No. 06 C 5463, 2007 WL 4293976, at *2 (N.D. Ill. Nov. 29, 2007). The decision to bifurcate discovery is case-specific. *Id.*

The Defendants rely on *Jones v. City of Chicago,* No. 98 C 5418, 1999 WL 160228 (N.D. Ill. Mar. 10, 1999), in support of their motion to bifurcate and stay discovery. By their motion, the Defendants provide three reasons for bifurcating discovery on the *Monell* claims from the discovery for the other claims asserted in the Complaint. Those three reasons are 1) the *Monell* claims will fail if the individual Defendants are not liable for violating Ott's constitutional rights, 2) there is little or no overlap of discovery for the individual claims and the *Monell* claims, and 3) the discovery requests for the *Monell* claims will be extremely broad and burdensome. *Jones*, 1999 WL 160228, at *2-*3. Ott disputes each reason asserted by the

3

Defendants. (Pl.'s Resp. to Defs.' Mot. Bifurcate Disc. 1, 2.) This Court will address each of these reasons.

*I. The Monell Claims*

The first reason cited by the Defendants is that if Ott fails to prove that the MPD or the individual Defendants violated his constitutional rights, then the *Monell* claims "necessarily" fail. (Defs' Br. Mot. Bifurcate Dis. 5.) The Defendants provide two reasons that the *Monell* claims could fail and thus, never be reached. The first is that discovery on the claims against the individual Defendants may reveal that no one unlawfully coerced any witness or concealed any information from prosecutors, Ott, or the state court. (Defs.' Br. Mot. Bifurcate Disc. 6.) The Defendants rely on *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986), which states a municipality cannot be held liable for a constitutional harm if its individual officers have not committed any constitutional violation. The second way that the Defendants assert the *Monell* claims could fail is that even if the individual Defendants acted improperly, they may be protected by a qualified immunity defense, and therefore held not liable. *Id.* at 6. The Defendants contend that if either reason is satisfied, then the *Monell* claims will never be reached. *Id.*

A municipality can be held liable even if its individual officers are not liable or if the officers are granted an affirmative defense, such as qualified immunity. *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 304-05 (7th Cir. 2010), *cert. denied*, ___ U.S. ___, ___ S.Ct. ___, 2010 WL 3153541 (U.S. Nov. 29, 2010) (No. 10-180). *Thomas* specifically states that a rule requiring individual officer liability before a municipality can ever be held liable

4

for damages under *Monell* is an unreasonable extension of *Heller*. *Id.* at 305. Even if the individual officers are granted qualified immunity, a municipality may be liable if its customs, policies, or practices may have caused a violation of a plaintiff's constitutional rights. *Id.* at 304-05.

The rule in *Thomas* is narrower than the rule the Defendants adopt from *Heller*. *Thomas* states, "a municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an *inconsistent* verdict." *Id.* at 305. Therefore, to determine whether the City could be liable in this case, even if the individual Defendants are not, the Court must consider the nature of the constitutional violation, the theory of municipal liability, and the defenses set forth. *Id.*

Ott alleges that his constitutional rights were violated by employees and agents of the City, including individual Defendants, by withholding exculpatory evidence and fabricating other evidence pursuant to the policies and practices of the City. (Compl. 12-14.) Pursuant to *Thomas*, it is plausible that the individual Defendants may not be liable, but the City could be held liable if the customs and policies of the municipality were the cause of Ott's constitutional rights being violated. The Defendants have not provided an adequate reason to hold otherwise.

*II. Overlap of Discovery*

The Defendants assert that the discovery should be bifurcated because there will be little or no overlap of discovery between the *Monell* claims and the other claims against the individual Defendants. (Defs.' Br. Mot. Bifurcate Disc. 6.) Ott, however, contends that there

is significant overlap of discovery, especially because he brought a claim for supervisory liability. (Pl.'s Resp. to Defs.' Mot. Bifurcate Disc. 2.) Ott distinguishes this case from *Jones* by stating that the plaintiff in *Jones* did not bring a claim for supervisory liability. (*Id.*) The Defendants argue that because Ott did not specifically name any supervisors in the Complaint, a claim for supervisory liability cannot be viable. (Defs.' Reply Br. Mot. Bifurcate Disc. 5,6.)

The Defendants are correct that *Monell* discovery will not perfectly overlap with the discovery of the individual claims. This is true for any *Monell* claim. A § 1983 claim against an individual officer in the officer's individual capacity focuses on the conduct of the officer, while a *Monell* claim looks more broadly to the customs, policies, or practices that are alleged to contribute to the individual misconduct. *See Medina v. City of Chicago*, 100 F. Supp. 2d 893, 894 (N.D. Ill. 2000). The Complaint names numerous individual defendants and examines the behavior of those individual defendants over a span of approximately ten years. The number of defendants, the period of time these allegations span, and the nature of the allegations increase the probability of an overlap of discovery of the *Monell* claims and individual claims. Furthermore, because the *Monell* claims will likely be heard in this action, there is little benefit to any party in deferring the *Monell* discovery.

*III. Breadth of Discovery Requests*

The final reason the Defendants present for bifurcation of discovery is that Ott will make extremely broad discovery requests relating to the *Monell* claims. In support of this contention, the Defendants list several discovery requests made by Ott. (Defs.' Br. Mot. Bifurcate Disc. 7.) Ott states that there have been disputes over whether certain discovery

6

requests are for the claims against the City and individual Defendants or for the *Monell* claims. (Pl.'s Resp. to Defs' Mot. Bifurcate Disc. 5.)

When there are already discovery disputes prior to the motion to bifurcate discovery, attempting to separate the *Monell* claims from the other claims may further complicate the proceedings. *See Bradley v. City of Chicago*, No. 09 C 4538, 2010 WL 432313, at *3 (N.D. Ill. Feb. 3, 2010). Further, it is likely that bifurcating discovery in this case will lead to more disputes as to whether certain discovery requests relate to the permissible individual claims or the impermissible *Monell* claims. *See Cadiz*, 2007 WL 4293976, at *7. It seems more likely that attempting to separate the discovery of the individual claims from the *Monell* claims will cause more complications than simplifications.

*Conclusion*

The Defendants have failed to establish good cause for bifurcating the *Monell* discovery, from the discovery for the individual claims. Therefore, the Defendants' motion to bifurcate discovery is denied.

***Ott's Motion to Compel Discovery***

Pursuant to Federal Rule of Civil Procedure 37, Ott brings a motion to compel discovery from the Defendants. Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004)(quoting Fed. R. Civ. P. 26(b)(1)).

Despite the general breadth of discovery, the Court may limit discovery where the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefits. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii). The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant. *Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N. D. Ind. 1991).

Ott served on the Defendants his First Set of Requests for Production and his First Set of Interrogatories on February 16, 2010. Rule 33(b)(2) of the Federal Rules of Civil Procedure provides that the responding party must serve its answers and any objections within 30 days of being served with the interrogatories unless an alternate arrangement has been stipulated to by the parties or ordered by the court. The parties in this case agreed to an alternative time frame for the Defendants to answer Ott's interrogatories and requests for production. (Mot. Compel Disc., Ex. 1 (Loevy Aff.) ¶ 2.) The day before the agreed deadline, the Defendants informed Ott that they would not provide some of the requested discovery. (Mot. Compel Disc., Ex. 1 ¶ 5.)

Ott now asks this Court to compel the Defendants to provide: 1) responses to all interrogatories sent to individual Defendants; 2) Defendant Nannette H. Hegerty's ("Hegerty") and Defendant Arthur L. Jones' ("Jones") personnel files; 3) the training records; 4) the documents in the Payne file that the Defendants claim are protected; and 5) the police files from the seven murders for which Walter E. Ellis ("Ellis") has been charged, and the police

file from the murder of Carreon Kilpatrick (Kilpatrick), a murder for which Ellis has not been charged although his DNA was found on Kilpatrick.

*I. Responses to Interrogatories and Requests for Production from Individual Defendants*

With respect to Ott's request that the Court compel the individual Defendants to respond to his interrogatories and requests for production, the Defendants assert that signed copies of all the individual Defendants' interrogatory and document production request responses should have been received by Ott shortly after his motion to compel was filed. (Defs.' Br. Opp'n Pl.'s Mot. Compel Disc. 2.)   Based on the foregoing, the Court will grant the motion to compel as to any individual Defendant who has not yet provided a response.

*II. Hegerty's and Jones' Personnel Files*

Ott states that at the parties' Civil Local Rule 37 conferences, the Defendants objected to the discovery of Hegerty's and Jones' personnel files on the grounds that such discovery was related to Ott's *Monell* claim and the Defendants were pursuing bifurcation of the *Monell* discovery from the discovery on the individual claims.  However, Ott contends that the personnel files may lead to admissible evidence relating to proof of officers' motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Defendants oppose the discovery of the personnel files because, "plaintiff cannot establish that these files will produce any evidence that is relevant or reasonably likely to lead to the discovery of admissible evidence." (Defs.' Br. Opp'n Pl's Mot. Compel Disc. 3.)  The Defendants further oppose the discovery of the personnel files because the evidence sought is irrelevant to the *Monell* claim.

The Defendants' motion to bifurcate the *Monell* discovery from the discovery for the individual claims has been denied. Therefore, all appropriate discovery requests relating to the *Monell* claim are now discoverable. Additionally, Ott has sufficiently demonstrated that the personnel files of Hegerty and Jones may lead to the discovery of admissible evidence. *See Vodak v. City of Chicago*, No. 03 C 2463, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004); *Lepianka v. Vill. of Franklin Park,* No. 03 C 2991, 2004 WL 626830, at *2 (N.D. Ill. Mar. 26, 2004). Accordingly, the Court will require production of the personnel files of Hegerty and Jones.

*III. The Individual Defendants' Training Records*

With respect to the individual Defendants' training records, the Defendants object to Ott's request that the records only pertain to the *Monell* claim and there was an outstanding motion to bifurcate the *Monell* discovery. The motion to bifurcate has been denied. Accordingly, the Court will require the Defendants to provide Ott with the individual Defendants' training records.

*IV. The Juvenile Records and Polygraph Results in the Payne File*

With respect to compelling the production of the juvenile records and polygraph results from the Payne file, Ott contends that the Defendants have waived any right to object to the production of those materials because they have not properly demonstrated that these materials are in fact privileged. Specifically, Ott states that because the Defendants have not provided a privilege log to support the assertion that the juvenile or polygraph records are privileged, the Defendants have waived their right to object on the basis of privilege. The

Defendants assert that while no privilege log was provided, the Milwaukee County District Attorney's Office informed Ott that the juvenile records and polygraph materials would not be provided because "these records do not relate to the circumstances of Payne's murder." (Defs.' Br. Opp'n Pl.'s Mot. Compel Disc. 6.) The Defendants informed Ott that they "would follow the district attorney's office's lead and refrain from producing these same materials." (Defs.' Br. Opp'n Pl.'s Mot. Compel Disc. 6.)

The district attorney's office indicated an alternative option for Ott to obtain these materials would be for Ott to obtain a juvenile court order pursuant to Wis. Stat. §§ 48.02(2m) and 48.78. For the polygraph results, Ott would need to obtain written and informed consent from the individual(s) who took the polygraph test(s).

Rule 501 of the Federal Rules of Evidence governs the applicability of privileges in the federal court. Federal common law applies in cases based upon a federal cause of action even if the complaint states a supplemental state law claim. Fed. R. Evid. 501; *Mem'l Hosp. for McHenry County v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981)(citing *Robinson v. Magovern*, 83 F.R.D. 79, 84 (W.D. Pa. 1979)). The principal claims in Ott's case arise under 42 U.S.C. § 1983. Thus, federal common law governs the privilege determination.

Rule 26(b)(5) of the Federal Rules of Civil Procedure states that when a party withholds information otherwise discoverable by claiming the information is privileged, that party must expressly make the claim and describe the nature of the documents being withheld. When a party fails to comply with the requirements of Rule 26(b)(5), the asserted privilege may be deemed to be waived. *See Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618

11

(7th Cir. 2010); *Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006); *Ruran v. Beth El Temple of West Hartford, Inc.*, 226 F.R.D. 165, 168-69 (D. Conn. 2005) (holding that, where the Defendant did not provide privilege log, the Defendant's failure to follow the Rule 26(b)(5) procedure precluded it from withholding from production documents it claimed to be privileged); *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 21 (D.D.C. 2004) (holding that withholding of privilege log may be viewed as a waiver of any privilege); *Robinson v. Tex. Auto. Dealers Ass'n*, 214 F.R.D. 432, 456 (E.D. Tex.) (holding that the Defendants waived privileges by failing to list materials claimed to be privileged on their privilege log), *vacated in part*, No. 03-40860, 2003 WL 21911333 (5th Cir. Jul 25, 2003).

In this case, the Defendants never provided a privilege log to Ott. There is no indication of the number of documents being withheld or the nature of those documents. The Defendants made a general, conclusory assertion that these documents were privileged, which is insufficient under Rule 26(b)(5). *See Holifield v. United States*, 909 F.2d 201, 203-04 (7th Cir. 1990) (holding "blanket objection" would not suffice to support a claim that the attorney-client privilege prohibits the production of documents where party asserting an attorney-client privilege failed to specify the applicability of the privilege with respect to each document being withheld, nor did he set forth any specific facts to support his legal conclusions); *Teed v. JT Packard & Assocs. Inc.*, No. 10-MISC-23, 2010 WL 2925902, at *3 (E.D. Wis. July 20, 2010) (holding that the conclusory assertion of a privilege was insufficient to establish that the information was privileged); *Obiajulu v. City of Rochester,*

12

*Dep't of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (stating that a general claim of privilege, be it work product or attorney client, is an inadequate response to a discovery request.)

The Defendants failed to provide any details about the documents being withheld. Rather, they made a "blanket objection" to the production of certain documents. Therefore, Ott's motion to compel the production of these documents is granted.

*V. The Ellis and Kilpatrick Files*

The Defendants and, the Milwaukee County District Attorney's Office, refused to produce the Ellis and Kilpatrick files because of the potential harm to the state's current prosecution of Ellis. The stipulation filed by the parties on October 15, 2010, states that the Ellis trial is scheduled for February 2011. Pursuant to the Court's approval of that stipulation on October 18, 2010, the deadline for the completion of all fact discovery is March 14, 2011. Despite the concerns of the Defendants, the files sought are discoverable. Therefore, Ott's request that the Defendants be compelled to produce the Ellis and Kilpatrick files is granted to the extent that the production of those files must be completed by the March 14, 2011, fact discovery deadline.

*Conclusion*

Ott's motion to compel outstanding discovery requests is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' motion to bifurcate discovery (Docket No. 30) is **DENIED**; and

Ott's motion to compel outstanding discovery (Docket No. 35) is **GRANTED**

Dated at Milwaukee, Wisconsin this 8th day of December, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa
U.S. District Judge**