**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**CHANTE OTT,**

        **Plaintiff,**

    **v.**                                             **Case No. 09-C-870**

**CITY OF MILWAUKEE,
ARTHUR L. JONES,
NANNETTE H. HEGERTY,
CARL BUSCHMANN,
JAMES DEVALKENAERE,
ROBERT SIMON
ERIC MOORE,
RICKY BUREMS,
MICHAEL VALUCH,
PERCY MOORE,
MICHAEL DUBIS, and,
OTHER AS-OF-YET
UNKNOWN EMPLOYEES OF
THE CITY OF MILWAUKEE,**

        **Defendants.**

---

## DECISION AND ORDER

---

This civil rights action filed by Plaintiff, Chaunte Ott ("Ott") arises from Ott's wrongful conviction for the 1995 murder of Jessica Payne. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Ott served subpoenas upon two non-parties, the Wisconsin State Crime Laboratory and the Wisconsin Department of Corrections (collectively, the "State

agencies"). The State agencies filed an amended motion to quash subpoenas. Subsequently, upon review of the parties' briefs, the Court requested that they submit supplemental briefs on one issue raised by the State agencies – whether a State agency is a person for purposes of Rule 45 of the Federal Rules of Civil Procedure.

*The State Agencies' Amended Motion to Quash Subpoenas*

In moving to quash the subpoenas, the State agencies raise the following contentions: (1) the State agencies are not "persons" subject to a non-party subpoena; (2) the subpoenas were not properly served; (3) the subpoenas require the State agencies to travel more than 100 miles from their office; and (4) the subpoenas failed to allow a reasonable amount of time to comply. This Court will address each of the State agencies' contentions.

*The Meaning of "Person" under Fed. R. Civ. P. 45*

The first issue raised is whether the non-party State agencies are "persons" subject to subpoenas issued under Rule 45. Rule 45(a)(1) provides in pertinent part that "[e]very subpoena must . . . command each person to whom it is directed to do the following at a specified time and place: . . . produce designated documents." Rule 45 does not define "person." As a general rule, however, a litigant "may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Subpoenas may be issued to non-parties pursuant to Rule 45, but that non-party may move to quash the subpoena for reasons set forth in Rule 45(c)(3)(A).

2

In their initial briefs, the State agencies rely on *Robinson v. City of Philadelphia*, 233 F.R.D. 169, 172 (E.D. Pa. 2005), which held that the word "person" in Rule 45 did not include the federal government and its employees. The State agencies also cite a number of District of Columbia District Court cases that uniformly held a non-party federal agency is not a "person" under Rule 45. (Br. Supp. Am. Mot. Quash Subpoenas 4.)

*Robinson*, 233 F.R.D. at 172, stated the "Supreme Court has followed a 'longstanding interpretative presumption that 'person' does not include the sovereign.'" (quoting *Vt. Agency of Nat'l Resources v. U.S. ex rel. Stevens,* 529 U.S. 765, 780 (2000)). *Robinson* also followed *Al Fayed v. CIA*, 229 F.3d 272, 273 (D.C. Cir. 2000), which held that a "person" as used in 28 U.S.C. § 1782 did not encompass the United States, and several other District of Colombia district court decisions applying *Al Fayed* in holding that "person" in Rule 45 did not include federal agencies.

*Al Fayed*, 229 F.3d at 273, held that a "person" as used in 28 U.S.C. § 1782 did not encompass the United States. However, subsequently, the Court of Appeals for the District of Columbia Circuit addressed the question of whether a federal agency was a "person" within Rule 45 and held that the federal agency was indeed a "person" within that Rule. *Yousuf v. Samantar*, 451 F.3d 248, 257 (D.C. Cir. 2006). *Yousuf* differentiates between the scope of "person" under 28 U.S.C. § 1782 in *Al Fayed* and under Rule 45.

*Yousuf* relied on the customary tools of statutory interpretation in holding that federal government was indeed a "person" under Rule 45. *Yousuf*, 451 F.3d at 255. "Person"

3

is used throughout the Rules to include the federal government. *Id.* The "normal rule of statutory construction is that identical words used in different parts of the same act are intended to have the same meaning." *Id.* at 256 (quoting *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 570 (1995)). *See also In re Vioxx Prods. Liability Litig.*, 235 F.R.D. 334 (E.D. La. 2006).

*Yousuf*, 451 F.3d at 254, noted that the Supreme Court stated that the government was presumed not to be a "person" bound by a statute in only two types of cases: "(1) where the statute, 'if not so limited, would deprive the sovereign of a recognized or established prerogative title or interest,' such as a statute of limitations; and (2) where deeming the Government a 'person' would 'work obvious absurdity as, for example, the application of a speed law to a policeman pursuing a criminal or the driver of a fire engine responding to an alarm." *Id.* (citing *Nardone v. United States*, 302 U.S. 379, 383-84 (1937)). "Rule 45 falls into neither class." *Yousuf*, 451 F.3d at 254. Therefore, the court held that it was required to give the words and phrases of the Federal Rules consistent usage and must read the Rule *in pari materia*. *Id.* at 256 (quoting *Marek v. Chesny*, 473 U.S. 1, 21 (1985)). *Yousuf*, 451 F.3d at 257, held that "the term 'person' as used in the Federal Rules of Federal Procedure consistently means not only natural persons and business associations, but also governments, including the United States."

The parties have not cited any decisions indicating whether a state agency or a State is a person under Rule 45, nor has the Court's research disclosed any such decisions. In

4

their supplemental brief, the State agencies argue at length that, contrary to the conclusion of *Yousuf*, all the relevant contemporaneous evidence in 1937 provides powerful evidence that "person" in Rule 45 was not intended to include sovereigns. The State agencies also argue that the 1970 amendments of the Federal Rules separately allow subpoenas for depositions to be issued to non-party organizations including governmental agencies which would then be required to designate the correct person to be deposed. The State agencies maintain that although Rule 45 has been amended several times it continues to allow that a subpoena duces tecum to be directed only to a person. Thus, they state that the contrast between the history of the Rules regarding depositions and subpoenas, standing alone, conveys an intent in 1937 not to include sovereigns within the subjects of subpoenas duces tecum unconnected to depositions and a continuing intent to the present day.

While decisions of the District of Columbia Court of Appeals are not binding on this Court, the Seventh Circuit has instructed district courts to "give most respectful consideration" to the opinions of other circuit courts. *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1123 (7th Cir. 1987); *accord*, *United States v. Glaser,* 14 F.3d 1213, 1216 (7th Cir. 1994) (instructing a district court that it "owes no more than respectful consideration to the views of other circuits."). *Yousuf* is well-reasoned. The Court requested supplemental briefing because the parties made no distinction between a State entity and a federal entity, and *Yousuf's* analysis centered on the United States and its agencies.

In *United States v. Illinois*, 454 F.2d 297, 301 (7th Cir. 1971), the court of appeals held that Illinois was a "person" under Rule 14 of the Federal Rules of Civil Procedure. *See also Williams v. United States*, 42 F.R.D. 609, 614 (S.D. N.Y. 1967); *but compare Parks v. United States*, 241 F.Supp. 297, 299 (N.D. N.Y. 1965) (holding that a State was not a "person," for purposes of rule permitting service of third-party complaint upon a "person" not party to action.) The court of appeals also upheld the determination that the Wisconsin Department of Industry, Labor and Human Relations was a required party under Rule 19(a) of the Federal Rules of Civil Procedure. *Tillman v. City of Milwaukee*, 715 F.2d 354, 360 (7th Cir. 1983). Thus, the Court of Appeals has deemed the State and State entities to be a person for purposes of the Federal Rules of Civil Procedure.

*Yousuf's* reasoning is persuasive. Absent a ruling to the contrary by the court of appeals for this circuit, this Court will extend its reasoning to hold that term "person" refers to federal and state governmental entities and agencies, unless one of the above mentioned exceptions applies. No such exception applies to the State agencies in this matter. Therefore, the Court holds the State agencies in this matter are "persons" subject to subpoena under Rule 45 regardless of whether they are parties in this action.

*Service of the Subpoenas*

"The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2454 (3d. ed 2008). The State agencies rely on *Barnhill v. United States*, 11 F.3d

1360, 1369 (7th Cir. 1993), which, when discussing delivery of a subpoena via certified mail, stated that "[b]ecause service of Nolen was in fact defective Barnhill and Security were not entitled to Nolen's presence at trial." Although the court in *Barnhill* mentioned that service via certified mail was defective, *Barnhill* addressed the appropriate sanction for misconduct by government counsel and did not analyze whether personal service is required under Rule 45.

*Doe v. Hersemann*, 155 F.R.D. 630 (N.D. Ind. 1994), holds that under Rule 45 a subpoena may be served by certified mail. *Hersemann*, 145 F.R.D. at 630, notes that in construing the Federal Rules of Civil Procedure, the Court is required to "secure the just, speedy, and inexpensive determination of every action. Fed. R. Civ. P. 1." At that time, Rule 45(b)(1) stated, in pertinent part: "A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person." *Id*. The court stated that the language of Rule 45 does not expressly require personal, in-hand service. *Id*. Furthermore, even if a court interprets Rule 45 to require personal service, certified mail may very well satisfy the requirement, assuming the mail carrier is a non-party over the age of 18 years. *Id.*

Although the language of Rule 45(b)(1) has changed and now states: "Any person who is at least 18 years old and not a party may serve a subpoena," the change is not material to the *Hersemann* analysis. *Hersemann* reflects the "emerging minority view" 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* at § 2454. The

7

minority view reflects a sensible and cost-effective approach to service of subpoenas under Rule 45. Additionally, the State agencies have acknowledged receipt of the subpoenas and have moved to quash them. *See United States v. Miller*, 3:02-CV-790 WL, 2007 WL 178581, at *3 (N.D. Ind. 2007) (holding that although the United States failed to provide any affirmative proof of service of notice, any defects in service had been cured because it appeared that the defendant received notice of the subpoena and appeared for the in-court hearing regarding it.) Therefore, the Court will not quash the subpoenas based on the manner in which they were served.

*Travel of More Than 100 Miles*

Pursuant to Rule 45(c)(3)(A)(ii), this Court in *Lyman v. St. Jude Medical S.C., Inc.*, 580 F. Supp. 2d 719 (E.D.Wis. 2008) quashed a trial subpoena served on a non-party outside of 100 miles from the courthouse. Rule 45(c)(3)(A)(ii) states, in relevant part, that the issuing court "must quash or modify a subpoena that . . . requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person."

Ott has subpoenaed the State agencies to produce documents at Ott's attorney's office in Chicago, Illinois. The State agencies are located more than 100 miles from Ott's attorney's office, but within 100 miles of this courthouse. Furthermore, because Ott's subpoenas are for the production of documents, the State agencies presumably do not have to travel in order to comply with the request. *See* Fed. R. Civ. P. 45(c)(2)(A).

8

The State agencies, however, assert that because employees of a State agency may be held personally liable if they breach their duty to preserve State records pursuant to Wis. Stat. § 19.21(1) and (2), they must travel with the originals to Chicago to ensure the requested documents are preserved. (Reply Br. Supp. Am. Mot. To Quash Subpoenas 11.)

The subpoenas do not specify that original documents must be produced. Additionally, Ott expressly stated in his response brief that originals were not required. Ott has also offered to pay for the cost of copies produced by the State agencies at "the going rate." (Resp. Opp'n Mot. Quash 27-28.) Although the subpoena does not require the State agencies to travel to produce the documents, given Ott's position and in light of the Defendants' objections, the subpoena will be modified to require an agent for Ott to travel to the State agencies' offices to retrieve copies of the requested documents with the cost of such documents being paid by Ott at the going rate.

*Amount of Time to Comply With Subpoena*

Rule 45(c)(3)(A)(i) does not specify what constitutes a reasonable amount of time to allow for compliance with a subpoena. Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure states in part, "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . (iv) subjects a person to undue burden." The appropriate remedy is to modify the subpoena to allow additional time for the State agencies to comply with Ott's requests.

*Conclusion*

Based on the reasons stated above, the State agencies' motion to quash subpoenas is denied and the subpoenas are modified to the extent that an agent for Ott will travel to the State agencies' offices to retrieve copies of the requested documents which will be ready for retrieval by the stated deadline, unless otherwise agreed to by Ott and the State agencies, with the cost of duplication being paid by Ott at the going rate.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The State agencies' amended motion to quash (Docket No. 50) is **DENIED**.

Ott's subpoenas are **MODIFIED** to the extent that an agent for Ott **MUST** travel to the State agencies' offices to retrieve copies of the requested documents which **MUST** be ready for retrieval **no later than February 22, 2011**, unless otherwise agreed to by Ott and the State agencies, and Ott **MUST** pay for the cost of duplication at the going rate.

Dated at Milwaukee, Wisconsin this 9th day of February, 2011.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**