**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**CHANTE OTT,**

      **Plaintiff,**

  **v.**                 **Case No. 09-C-870**

**CITY OF MILWAUKEE,
ARTHUR L. JONES,
NANNETTE H. HEGERTY,
CARL BUSCHMANN,
JAMES DEVALKENAERE,
ROBERT SIMON
ERIC MOORE,
RICKY BUREMS,
MICHAEL VALUCH,
PERCY MOORE,
MICHAEL DUBIS, and,
OTHER AS-OF-YET
UNKNOWN EMPLOYEES OF
THE CITY OF MILWAUKEE,**

      **Defendants;**

**and**

**the WISCONSIN STATE CRIME LABORATORY
and the WISCONSIN DEPARTMENT OF
CORRECTIONS,**

      **Movants.**

## DECISION AND ORDER

The Movants, the Wisconsin State Crime Laboratory and the Wisconsin Department of Corrections (collectively, the "State agencies"), have filed a motion to amend the Court's February 9, 2011, Decision and Order. The State agencies are non-parties whose amended motions to quash subpoenas duces tecum, issued pursuant to Fed. R. Civ. P. 45, were addressed in that Decision and Order.

The Court's order denied the State agencies' motion to quash subpoenas; however, it modified the subpoenas to the extent it directed that an agent for Ott would travel to the State agencies' offices to retrieve copies of the requested documents that are to be ready for retrieval by the stated deadline, unless otherwise agreed to by Ott and the State agencies, with the cost of duplication being paid by Ott at the going rate. Subsequently, the Court approved a March 2, 2011, production deadline stipulated to by Ott and the State agencies.

The State agencies' motion to amend presents the issue of whether the State agencies may raise additional objections, including that of privilege, to the subpoenas. Ott opposes the motion.

*Background*

By their amended motion to quash, the State agencies contended that: (1) the State agencies were not "persons" subject to a non-party subpoena; (2) the subpoenas were

not properly served; (3) the subpoenas required the State agencies to travel more than 100 miles from their office; and (4) the subpoenas failed to allow a reasonable amount of time to comply. The State agencies also stated that they "reserve[d] all rights to assert other objections, including privilege objections, pending resolution of their motion to quash."

*Analysis*

The State agencies request that the Court amend its order to "confirm" that they are entitled to assert appropriate additional objections as a part of any response. Ott opposes the motion suggesting that the motion is a delay tactic, and stating that each of the State agencies' objections has either been waived or already decided.

Although the State agencies' motion stated that they reserved all rights to assert other objections, they did not present supporting argument or legal authority. And, Ott did not address that question although he argued that the law enforcement privilege did not apply.

The State agencies state that Ott waived the argument of "waiver" because he did not raise it in the initial round of briefing. However, under these circumstances, where the State agencies did not present authority in support of their purported reservation of rights, the issue is one that remains for briefing and decision.

Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure provides:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena **a written objection to inspecting, copying, testing or sampling any or all of the materials** or to inspecting the premises – or to producing electronically stored information in the form or forms requested. **The objection must be served**

3

> **before the earlier of the time specified for compliance or 14 days after the subpoena is served.**

(emphasis added). Rule 45(d)(2)(A) also includes the following requirement:

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must:
>
> > (i) expressly make the claim; and
> >
> > (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

In *Richter v. Mutual of Omaha Ins. Co.*, Case No. 06-Misc.-011, 2006 WL 1277906, at * 3 (E.D.Wis. May 5, 2006), this Court held that the non-party served with a subpoena requesting the production of documents that filed its objection four days late had waived its objection to the subpoena. *Id* (citing *Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990) (district court did not abuse its discretion in denying motion for protective order when witness failed to make timely written objection); *Angell v. Shawmut Bank Conn. Nat. Ass'n.*, 153 F.R.D. 585, 590 (M.D.N.C. 1994) (strictly construing Rule 45(c)(2)(B)'s 14-day time limit in that "failure to timely file an objection will result in waiver of the right to object to enforcement of the subpoena")). *See also*, *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) ("We believe that Rule 45(c)(2)(B) does require the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a game.")

Furthermore, to the extent that the State agencies contend that they raised the issue of privilege in their amended motion to quash, Rule 45(d)(2) requires that the claim of privilege "must expressly make the claim and describe the nature of the withheld documents . . . in a manner that, without revealing information itself privilege or protected, will enable the parties to assess the claim." The State agencies did not comply with the latter requirement. *See Richter* 2006 WL 1277906, at * 3.

In considering whether the State agencies may now raise additional objections the Court will consider the following criteria that allow a district court to "in unusual circumstances and for good cause," consider an untimely objection to a subpoena. *See Yousuf v. Samantar*, 451 F.3d 248, 252 (D.C. Cir. 2006) (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); 9 James W. Moore et al., *Moore's Federal Practice* § 45.04[2] (3d ed.2004).) The factors that may guide this Court's consideration of whether to entertain an untimely objection include whether (1) the subpoena is "overbroad on its face and exceeds the bounds of fair discovery;" (2) the subpoenaed witness is a nonparty acting in good faith; and (3) counsel for the witness was in contact with counsel for the party issuing the subpoena prior to filing its formal objection. *Id.* (quoting *Concord Boat*, 169 F.R.D. at 48). *See also*, *WM High Yield v. O'Hanlon*, 460 F.Supp. 2d 891, 895 n. 5 (S.D. Ind. 2006) (citing *Concord Boat*, 169 F.R.D. at 51-52)). To permit Ott and the State agencies to address the *Concord Boat* criteria, the Court will set an abbreviated briefing schedule and will stay the March 2, 2011, production deadline until further order of the Court.

5

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Movants may file a supplemental brief addressing the *Concord Boat* criteria **no later than February 28, 2011**;

Ott may file a supplemental brief in response thereto **no later than March 2, 2011**;

The March 2, 2011, deadline for the State agencies to produce documents subject to the subpoenas duces tecum is **STAYED** until further order of the Court.

Dated at Milwaukee, Wisconsin this 24th day of February, 2011.

BY THE COURT

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**