**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

CHANTE OTT,

                **Plaintiff/Appellee,**

   v.

                                                  **Case No. 09-C-870
                                                  (USCA No. 11-1541)**

**CITY OF MILWAUKEE,
ARTHUR L. JONES,
NANNETTE H. HEGERTY,
CARL BUSCHMANN,
JAMES DEVALKENAERE,
ROBERT SIMON
ERIC MOORE,
RICKY BUREMS,
MICHAEL VALUCH,
PERCY MOORE,
MICHAEL DUBIS, and,
OTHER AS-OF-YET
UNKNOWN EMPLOYEES OF
THE CITY OF MILWAUKEE,**

                **Defendants,**

**and**

**the WISCONSIN STATE CRIME LABORATORY
and the WISCONSIN DEPARTMENT OF
CORRECTIONS,**

                **Movants/Appellants.**

# DECISION AND ORDER

The Movants, the Wisconsin State Crime Laboratory and the Wisconsin Department of Corrections (collectively, the "State agencies"), filed an expedited non-dispositive motion in response to a March 9, 2011, Order from the Court of Appeals for the Seventh Circuit regarding the State agencies' February 11, 2011, motion to amend the Court's February 9, 2011, Decision and Order. The Court of Appeals asks whether the February 11, 2011, motion was a timely Rule 59(e) motion which would render the appeal premature. The Court of Appeals also notes that the Court ordered additional briefing on the February 11, 2011, motion: specifically, on February 24, 2011, the Court directed the parties to file supplemental briefs addressing the *Concord Boat* criteria.

The Court's February 9, 2011, Decision and Order denied the State agencies' motion to quash subpoenas; however, it modified the subpoenas to the extent it directed that an agent for Ott would travel to the State agencies' offices to retrieve copies of the requested documents that were to be ready for retrieval by the stated deadline, unless otherwise agreed to by Ott and the State agencies, with the cost of duplication being paid by Ott at the going rate.

In its February 24, 2011, Decision and Order, the Court noted that the State agencies' motion to amend presents the issue of whether the State agencies may raise

additional objections, including that of privilege, to the subpoenas. In their subsequent *Concord Boat*[1] briefing, the State agencies take issue with a variety of the Court's determinations including the Court's use of the *Concord Boat* criteria and whether the State agencies' reservation of rights was effective. The State agencies also filed an appeal from the Court's two orders addressing the discovery issues.

The motion to quash has been resolved. The motion to amend presents an issue that was raised, but not briefed by the State agencies; that is, the effect, if any, of their statement that they were reserving their rights to raise other issues regarding the motion to quash. To the extent that the State agencies' February 11, 2011, motion was a timely Rule 59(e) motion to alter or amend judgment – it was filed within 28 days of the February 9, Decision and Order – it is denied. *See Katerinos v. U.S. Dep't of the Treasury*, 368 F.3d 733, 737-38 (7th Cir. 2004). While the State agencies simply assumed they could reserve their rights – they did not offer any supporting legal authority. Whether there is still a basis for them to raise objections may be obviated by their appeal or may remain for another day after the resolution of their appeal. Furthermore, the State agencies' motion to stay all proceedings regarding the non-party subpoenas directed to them pending the resolution of their appeal is granted. The stay does not effect the proceedings between Ott and the Defendants.

---

[1] *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 51-52 (S.D.N.Y. 1996) is the full citation to the decision.

3

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

The State agencies' Civil L. R.7(h) motion regarding motion to amend order (Docket No. 99) is **GRANTED**.

The State agencies' motion to amend or clarify (Docket No. 80) is **DENIED**.

The State agencies' motion to stay all proceedings regarding the non-party subpoenas directed to them pending the resolution of their appeal is (Docket No. 92) **GRANTED**. The stay does not effect the proceedings between Ott and the Defendants.

Dated at Milwaukee, Wisconsin this 17th day of March, 2011.

BY THE COURT

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**