# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHANTE OTT,**

        **Plaintiff,**

  v.                                     Case No. 09-C-870

**CITY OF MILWAUKEE,
ARTHUR L. JONES,
NANNETTE H. HEGERTY,
CARL BUSCHMANN,
JAMES DEVALKENAERE,
ROBERT SIMON
ERIC MOORE,
RICKY BUREMS,
PERCY MOORE,
MICHAEL DUBIS, and,
OTHER AS-OF-YET
UNKNOWN EMPLOYEES OF
THE CITY OF MILWAUKEE,**

        **Defendants.**

# DECISION AND ORDER

This civil rights action was brought pursuant to 42 U.S.C. § 1983 by the Plaintiff, Chante Ott ("Ott"), who was incarcerated by the State of Wisconsin following his conviction of the 1995 murder of Jessica Payne ("Payne"). Ott alleges that the Defendants coerced false statements from two men that implicated him in the murder and, in 2003, breached their ongoing obligation to disclose information to him when they learned that the DNA profile from Payne's murder matched a DNA profile from another woman's murder in

which Ott was not involved. (Compl. 7, 9.) Eventually, Ott brought a motion for new trial, his conviction was overturned, and the case was remanded for a new trial. (Compl. 10.) Ott was released on bail on January 8, 2009. (*Id.*)

This matter comes before the Court on Ott's Civil Local Rule 7(h) motion to compel. The motion is addressed in this Decision and Order.

## Motion to Compel

Ott asserts the Defendants should be required to immediately produce a copy of the complete January 9, 1996, report of Defendant Eric Moore ("Moore"), a City of Milwaukee Police Department ("MPD") detective. Ott maintains that the Moore report is relevant and discoverable, and the Defendants have waived any potential claim of law enforcement privilege. Ott proffers an excerpt of Moore's August 23, 2010, deposition and the March 17, 2011, affidavit of his attorney, Heather Lewis Donnell ("Donnell"), in support of his motion.

Although initially presenting a counter-argument, the Defendants "acknowledge that the report is discoverable, if only to produce evidence of the nature and scope of the Payne investigation." (Defs.' Response Pl.'s Civil L.R. 7(h) Mot. Compel, 2.) The Defendants also assert that in December 2010, they interposed a timely objection to providing the remaining portions of the report. However, they also state they never precisely identified the portions of the Moore report that they would not produce and, therefore, they contend that Ott did not satisfy the "meet and confer" requirement of Federal Rule of Civil Procedure 37(a)(1) or Civil Local Rule 7(h)(2). In support of their response, the Defendants proffer an affidavit of

2

counsel, Jan A. Smokowicz ("Smokowicz"), and an attached copy of the Moore report with the following information redacted: (1) all dates of birth; (2) the names of certain individuals; and (3) a note about the method used in a homicide, because it relates to open and ongoing homicide investigations that do not involve Walter E. Ellis ("Ellis"). (Smokowicz Aff. ¶ 8, Attach. C.)

Before addressing the motion to compel, the Court outlines the relevant background.

**Background**

As described during Moore's August 23, 2010, deposition, the Moore report relates to a MPD review of its files relating to unsolved female homicides, including the Payne murder, that occurred in the City of Milwaukee between 1980 and 1995. (See Rule 7(h) Mot. Compel, Ex. A.) Ott requested the report following the deposition.

Following several telephone discussions between counsel, on December 13, 2010, the Defendants produced a redacted copy of the Moore report that excised all portions that did not pertain to the Payne murder. (Donnell Aff. Mar. 17, 2011, ¶ 4, Group Ex. 1, 2.) The Defendants did not produce a privilege log with the report. (*Id.*) Counsel for the Defendants had been advised by members of the MPD that providing the redacted information could jeopardize the Ellis prosecutions and other open investigations. (Smokowicz Aff. ¶ 4.)

By letter dated December 15, 2010, Ott stated that the Defendants had waived any claim of privilege. He also indicated that, based on the Court's December 8, 2010, Decision and Order addressing Ott's motion to compel, the Defendants were required to

3

produce the police files from the seven murders with which Ellis had been charged, including Ellis-related portions of the Moore report. Ott further indicated that the Defendants should be capable of identifying the status of the homicide investigations mentioned in that report and stating if any open homicide investigations might require that portion of the report be produced subject to attorneys' eyes only. (Donnell Aff. Mar. 17, 2011, ¶ 5, Group Ex. 1, 3.)

By letter of December 16, 2010, the Defendants responded that Moore's testimony did not provide any specific information regarding the other investigations discussed in his report and, therefore, he did not waive the privilege. The Defendants also requested that Ott refrain from filing his motion to compel until the following week to allow them time to determine if any homicides mentioned in the Moore report were open. (Donnell Aff. Mar. 17, 2011, ¶ 6, Group Ex. 1, 5-6.) The Defendants did not advise Ott of the status of those homicides within the stated time period. (Donnell Aff. Mar. 17, 2011, ¶ 7.)

Ott inferred that the entire report would be produced. (*Id*.) Ellis entered a no contest plea to the state murder charges and was sentenced on February 17, 2011. By letter of February 21, 2011, Ott requested that the Defendant produce the unredacted Moore report by March 7, 2011, since there was no longer a basis for withholding the Ellis material. Ott also noted that the Defendants did not respond to his January 12, 2011, letter requesting that they confirm that there was no additional material in the Moore report for which they claimed privilege. (Donnell Aff. Mar. 17, 2011, ¶ 8, Group Ex. 1, 7-8.)

By a February 22, 2011, email, the Defendants indicated that they would produce the Ellis-related material in the Moore report, but not the remaining portions of the report.

4

(Donnell Aff. Mar. 17, 2011, ¶ 9, Group Ex. 1, 9.) The deadline for the completion of fact discovery was March 14, 2011.

By a March 15, 2011, email the Defendants advised Ott that they needed until the end of the week to identify any open and unsolved homicides contained in the Moore report, that had nothing to do with Ellis or Ott. (Donnell Aff. Mar. 17, 2011, ¶ 12, Group Ex. 1, 12.)

By a March 15, 2011, email, Ott responded that the Defendants had waived the privilege with respect to the other homicides because they had not provided a privilege log, and that the information was relevant and discoverable. (Donnell Aff. Mar. 17, 2011, ¶ 11, Group Ex. 1, 11.) Ott stated that in light of the history relating to the Moore report that he had requested on August 23, 2010, following Moore's deposition, including the Defendants' lack of follow-up with Ott on their December 16, 2010, statement that they needed a week to determine if any investigations were open, and after the completion of the Ellis prosecution, he would seek assistance from the Court.

On March 17, 2011, Ott filed the Rule 7(h) motion to compel. On March 24, 2011, the Defendants' attorney was able to contact the Milwaukee County District Attorney's office and met with the MPD lieutenant in charge of the "Cold Case" unit to obtain information on open investigations in the Moore report. (Smokowicz Aff. ¶ 7.) On March 26, 2011, the Defendants filed their response to Ott's motion with a more complete version of the Moore report. Ott has not received a privilege log. (Donnell Aff. Mar. 17, 2011, ¶ 10.)

5

*Analysis*

Ott's motion to compel raises a number of issues. The first issue is a procedural issue.

*Meet and Confer Requirement*

A threshold question raised by the Defendants is whether Ott adhered to the requirement of Fed. R. Civ. P. 37(a)(1) and Civil Local Rule 7(h)(2) that a movant file a written certification that, prior to filing the discovery-related motion, the movant has met and conferred with the party opposing discovery in a good faith effort to resolve the discovery dispute without court action and that the parties were unable to reach an accord. Paragraph one of the Donnell affidavit contains the required certification. Moreover, the exhibits to the Donnell affidavit demonstrate that Ott made multiple attempts to resolve the discovery dispute without the Court's involvement. Despite those efforts, the Defendants did not act as represented or adequately explain their inaction to Ott.

As previously occurred, Ott's motion to compel spurred the Defendants to act. The result – a motion that might have been otherwise unnecessary. The Court addresses this motion, at greater length than essential, in an effort to prevent similar conduct by the parties.

*Relevance and E-Government Act*

It is emphasized that Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." "Relevant information *need not be admissible* at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Nw*.

*Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004)(quoting Fed. R. Civ. P. 26(b)(1)). (emphasis added.)

Certainly, despite the general breadth of discovery, the Court may limit discovery where the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefits. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii). Nonetheless, the party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant. *Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N. D. Ind. 1991).

To the extent that the Defendants contend or have contended the information is not relevant to Ott's claims, the contention is not meritorious. Ott not only alleges wrongdoing as to his criminal case, he alleges that employees and agents of the Defendant City of Milwaukee, including the MPD and the individual Defendants, withheld exculpatory evidence and fabricated other evidence pursuant to the policies and practices of the City, and seeks to recover from the City under *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658 (1976). Thus, the contents of the Moore report regarding other investigations may lead to the discovery of relevant evidence and are, therefore, discoverable.

With respect to the redactions of the Moore report, the Defendants eliminated all birth dates from the report, stating that they are relying on the local rules of this Court. However, the redaction requirement is based on the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2006)) as implemented by Federal Rule of Civil Procedure

7

5.2, which is entitled "Privacy Protection For Filings Made With the Court." Rule 5.2 requires that *the year* of an individual's birth be redacted before *filing* a document electronically. Neither the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2006)) nor this District's electronic filing guidelines require that the month or day of birth be redacted. Furthermore, the redaction requirement for the birth year applies to documents that are filed – not to those produced in discovery. Therefore, the Defendants will be required to provide Ott with a copy of the Moore report that contains all birth dates.

*Law Enforcement Privilege*

With respect to the Defendants' claim of law enforcement privilege, Rule 26(b)(5) of the Federal Rules of Civil Procedure states that when a party withholds information otherwise discoverable by claiming the information is privileged, that party must expressly make the claim and describe the nature of the documents being withheld. When a party fails to comply with the requirements of Rule 26(b)(5), the asserted privilege may be deemed to be waived. *See Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010); *Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006).

Whether law enforcement investigatory privilege applies is "confided to the discretion of the district judge." *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997). "[T]he government has an interest in maintaining the confidentiality of files containing sensitive information regarding on-going investigations," but "this interest will not always trump the interest of the opposing party." *Peate v. McCann*, 294 F.3d 879, 885 (7th Cir. 2002). Stated somewhat differently, the "law enforcement investigatory privilege is not

absolute. It can be overridden in appropriate cases by the need for the privileged materials." *Dellwood Farms*, 128 F.3d at 1125. The "balancing of that need – the need of the litigant who is seeking privileged investigative materials – against the harm to the government if the privilege is lifted is a particularistic and judgmental task." *Id.* Moreover, there is a strong presumption against lifting the privilege when there is an ongoing criminal investigation. *See id.* at 1125; *see also In re The City of New York*, 607 F.3d 923, 939 (2d Cir. 2010).

Ott contends that the Defendants have waived the privilege and there is no privilege for murders that occurred decades ago. Ott also contests the assertion of the privilege on the ground that the Defendants have not asserted it in the proper form, relying on *Hernandez v. Longini*, No. 96-6203, 1997 WL 754041, at *4 (N.D. Ill. Nov. 13, 1997).

The Defendants assert that they did not waive the privilege and they have properly raised the issue. They state that counsel personally consulted with the lieutenant in charge of the Cold Case Unit, who has identified the cases which are still open for investigation, and the lieutenant indicated that disclosing the names of certain individuals – whose names do not include Ellis – could comprise those investigations.

The Court of Appeals for the Circuit has not articulated a standard for invoking the law enforcement privilege, or for balancing the interests of the parties when the privilege is established. However, "[c]ourts have required, in order to assert the privilege, that 'the responsible official in the department must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege.'" *Hernandez*,

9

1997 WL 754041, at *4 (citing *Pontarelli Limousine, Inc. v. City of Chicago*, 652 F.Supp. 1428, 1431 (N.D. Ill.1987) (quoting *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981)). The *Hernandez* approach has been followed by a number of district courts in this circuit. *See* e.g. *Santiago v. City of Chicago*, No. 09 C 3137, 2010 WL 1257780, *2 (N.D. Ill. Mar 26, 2010); *Thayer v. Chiczewski*, No. 07 C 1290, 2009 WL 2192581, *2 (N.D. Ill. Jul 20, 2009).

The Defendants state no position on the fashion by which the privilege is to be invoked. However, they implicitly follow *Hernandez*. Thus, under the circumstances, the Court will adopt the approach of *Hernandez* with respect to how the law enforcement privilege is to be invoked. Based on the criteria, the Court concludes that the Defendants have adequately invoked the law enforcement privilege because they conferred with the responsible MPD official and obtained his opinion that the open investigations would be compromised if the names pertaining to those investigations or the murder method were released.

As to weighing the interests of the Defendants versus the interests of Ott, neither party has addressed the balancing of those interests or the criteria that should be applied in such balancing. Thus, at this juncture, Ott has failed to establish that his interest in obtaining the complete Moore report outweighs that of the Defendants in keeping the information secret that relates to the open homicide investigations. *See Dellwood Farms*, 128 F.3d at 1125. Therefore, Ott's motion to compel is granted as to the complete birth dates that were excised from the Moore report and denied, without prejudice, in all other respects.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Ott's Rule 7(h) motion to compel outstanding discovery (Docket No. 102) is **GRANTED** as to the excised birth dates and **DENIED**, without prejudice, in all other respects.

Dated at Milwaukee, Wisconsin this 25th day of May, 2011.

BY THE COURT

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**