UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHAUNTE OTT,

    Plaintiff,

  v.                                              Case No. 09-C-0870

CITY OF MILWAUKEE, ARTHUR L. JONES,
NANETTE H. HEGERTY, CARL BUSCHMANN,
JAMES DEVALKENAERE, ROBERT SIMON
ERIC MOORE, RICKY BUREMS, PERCY MOORE,
MICHAEL DUBIS, and OTHER AS-OF-YET
UNKNOWN EMPLOYEES OF THE CITY OF
MILWAUKEE,

    Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCLOSURE

## ARGUMENT

The defendants herein seek disclosure of a handful of documents produced by the attorney or his subordinates who represented Chaunte Ott when seeking relief from his conviction in the state courts. The attorney has been designated as a witness in this matter by present counsel for Mr. Ott. The attorney has been deposed and has testified about his work, in particular, about his interview of at least one witness. Present counsel for Mr. Ott has turned over more than 2000 pages of post-conviction counsel's file and has withheld only a select few documents, including some relating to witnesses who have been named to testify concerning alleged police misconduct in this case.

The material has been withheld on the basis of attorney work-product privilege. It was withheld after counsel explicitly waived any attorney-client privilege between Ott and his post-conviction relief counsel. This Court should compel the disclosure of these materials.

In *Brown v. Trigg*, 791 F.2d 598, 601 (7th Cir. 1986), the seventh circuit addressed a claim that an individual, hired by a criminal defendant's lawyer to administer a polygraph examination and testify at a juvenile court hearing, had subsequently been improperly allowed to testify when called by the state about conversations with the defendant at trial. Brown claimed that this was improper as a violation of the attorney-client privilege and attorney work-product privilege. *Id*.

The seventh circuit held, however, that "the actions of Brown and her attorney resulted in a waiver of the attorney-client privilege and the work-product doctrine," analogizing the case to *United States v. Nobles*, 422 U.S. 225 (1975). *Brown*, 791 F.2d at 601. "In *Nobles*, defendant hired a private investigator whom he called to testify at trial." *Brown*, 791 F.2d at 601. As the *Brown* court then explained, "[b]y electing to present the investigator as a witness, the defendant waived his attorney-client privilege as to information collected by the investigator for the defendant and his attorney." *Brown*, 791 F.2d at 601.

As in *Brown*, Chaunte Ott's lawyers have waived any work-product protection of the withheld materials by designating Professor Pray as a witness, producing almost all of his file, explicitly waiving any attorney-client privilege, and allowing him to testify about

2

at least one of his investigative interviews. Ott cannot now withhold certain materials from the Innocence Project file.

Even if there were not a waiver, however, any protection would be overcome here pursuant to Fed. R. Civ. P. 26(b)(3)(A). The materials are otherwise discoverable as they are clearly relevant. The defendants, furthermore, have a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Professor Pray or those under his supervision interviewed one witness in 2008 who has subsequent to Ott's trial recanted his allegations against Ott. Pray or his subordinates also interviewed a witness previously questioned by police who now claims that she told them of another possible suspect (something that Pray denies as having been related in his conversation with this same witness). Such evidence is obviously quite significant and the defendants have absolutely no other means of obtaining it.

For all of the foregoing reasons, the Court should compel disclosure of the materials listed on the privilege log attached as Attachment B to undersigned counsel's accompanying affidavit.

Dated at Milwaukee, Wisconsin this 2nd day of October, 2012.

GRANT F. LANGLEY
City Attorney


s/JAN A. SMOKOWICZ
Assistant City Attorney
Attorneys for Defendants
jsmoko@Milwaukee.gov

P.O. ADDRESS:
Suite 800
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601
Fax: (414) 286-8550

1032-2009-2803:185273