UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHAUNTE OTT,

          Plaintiff,

  v.

                                              Case No. 09-C-870

CITY OF MILWAUKEE,
ARTHUR L. JONES,
NANNETTE H. HEGERTY,
CARL BUSCHMANN,
JAMES DEVALKENAERE,
ROBERT SIMON,
ERIC MOORE,
RICKY BUREMS,
PERCY MOORE,
MICHAEL DUBIS, and,
OTHER AS-OF-YET
UNKNOWN EMPLOYEES OF
THE CITY OF MILWAUKEE,

          Defendants,

## DECISION AND ORDER

       This Decision and Order addresses Plaintiff Chante Ott's ("Ott") Civil Local Rule 7(h) expedited non-dispositive for leave to depose Michael Wesolowski ("Wesolowski") by April 26, 2013 (ECF No. 153). The Defendants assert that Ott has not established "good cause" for amendment of the scheduling order. Some factual context is necessary to the analysis of Ott's motion.

**Relevant Factual Background**

This action pursuant to 42 U.S.C. § 1983 arises out of Ott's 1996 state court conviction and subsequent incarceration for the August 1995 murder of Jessica Payne ("Payne"), a 16-year-old runaway. Beginning in 2002, DNA evidence began to play a critical role in Ott's eventual exoneration. (*See* Compl. ¶ 33.) In particular, on May 19, 2003, the Wisconsin State Crime Laboratory ran the male DNA profile generated in Payne's murder and established that such DNA matched the DNA from a June 20, 1997, murder of another young woman. (*Id.*) Despite Ott's express request for such information and the Defendants' duty to disclose such evidence, the Defendants, who had been provided with the DNA information, did not disclose it to Ott for four years. (*Id.* at ¶ 36.) Ott believes that Defendant Carl Buschmann ("Buschmann"), a City of Milwaukee Police Department ("MPD") detective, failed to disclose the May 19, 2003, crime lab report to him.

The proposed deponent, Wesolowski was a MPD detective. Wesolowski lives in Arizona.

In early November 2012, Ott learned that on May 23, 2003, Wesolowski spoke to the state crime lab analyst about the May 19, 2003, report and told the crime lab analyst that he would start the paperwork to reopen the Payne case. (Donnell Decl. ¶¶ 11-12, Ex. D & E.) (ECF Nos. 154, 154-4, 154-5.) Sometime after March 18, 2013, when Ott received the Defendants' interrogatory response indicating that Wesolowski was a regular partner of Buschmann, Ott's investigator traveled to speak with Wesolowski in an effort to avoid taking Wesolowski's deposition. (*Id.* at ¶¶ 13-15.) However, Wesolowski refused to speak to the investigator. (*Id.* at

¶ 16.) Acknowledging that the deadline for the completion of discovery in this case has passed, Ott filed his motion on April 2, 2013, requesting permission to take Wesolowski's deposition on April 26, 2013.

**Analysis**

Motions to extend discovery deadlines in pretrial scheduling orders fall under Rule 16(b)(4) of the Federal Rules of Civil Procedure and are left to the discretion of the district courts. *See Alioto v. Town of Lisbon,* 651 F.3d 715, 720 (7th Cir. 2011). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause."

In making a Rule 16(b) good-cause determination, the primary consideration is the diligence of the party seeking amendment. *Id.* (citing *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005); 3 *Moore's Federal Practice* § 16.14[1][b], at 16–72 (Matthew Bender 3d ed. 2010) ("[A]lthough undoubtedly there are differences of views among district judges about how compelling a showing must be to justify extending the deadlines set in scheduling orders, it seems clear that the factor on which courts are most likely to focus when making this determination is the relative diligence of the lawyer or lawyers who seek the change.").

The Defendants assert Ott has not established that he acted diligently between early November 2012, when he discovered that Wesolowski was the May 2003 crime lab report recipient, and the April 2, 2013, filing of his motion. The Defendants maintain that as of April 12, 2012, Ott was aware that Buschmann and Wesolowski were partners during the relevant time period.

While the fact was disclosed nearly a year earlier during Buschmann's deposition, the Court infers from Ott's fourth set of interrogatories that Ott did not recall the two had been partners. Rather, the material before the Court suggests that Ott became aware the two were partners on March 18, 2013, when he received the Defendants' interrogatory responses. Furthermore, Ott's post-November 2012 interrogatories sought additional related information before his investigator tried to speak to Wesolowski.

Ott has established that he acted diligently in pursuing Wesolowski's connection to the May 2003 DNA report and Buschmann, and attempting obtain information from him voluntarily. Therefore, the Court finds good cause to modify the scheduling order to allow the Wesolowski deposition by April 26, 2013. As offered by Ott, he must pay for the Defendants to attend the deposition by video conference to avoid the Defendants' incurring the burdensome expenses of travel.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Ott's motion for leave to depose Wesolowski by April 26, 2013 (ECF No. 153) is **GRANTED**. Ott **MUST PAY** for the Defendants to attend the deposition by video conference.

Dated at Milwaukee, Wisconsin this 23rd day of April, 2013.

BY THE COURT

*/s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**

4

Case 2:09-cv-00870-RTR   Filed 04/23/13   Page 4 of 4   Document 161