IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| CHAUNTE OTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:09-cv-00870-RTR |
| | ) | |
| CITY OF MILWAUKEE, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S UNOPPOSED MOTIONS *IN LIMINE* NOS. 1-9

### A. Unopposed Motion *In Limine* No. 1 Excluding Non-Party Witnesses From Trial

Plaintiff, by and through his counsel, respectfully seeks an order from the Court excluding any non-party witnesses from the trial. Defendants do not oppose this motion. Accordingly, the Court should enter an order to exclude any non-party witnesses from the trial.

WHEREFORE, Plaintiff respectfully seeks and order from the Court barring all non-party witnesses from the trial.

### B. Unopposed Motion *In Limine* No. 2 Barring Evidence of Plaintiff's Prior Arrests Or Criminal Convictions

Plaintiff has a prior felony conviction that is over ten years old for possession of a gun, and misdemeanor convictions well over ten years old for possession of marijuana and loitering.

Based on communications between counsel, Plaintiff understands that Defendants do not oppose Plaintiff's motion *in limine* to the extent that Plaintiff seeks to bar any and all references to any of Plaintiff's prior arrests and convictions and the underlying circumstances related to them.

Rule 404(b)(1) clearly bars any reference to a past crime that are used to prove a person's character or how they acted on a particular occasion. Moreover, no permissible exception exists for admission of this evidence under Rule 404(b)(2), which allows evidence of a prior crime to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." None of these exceptions apply here. Evidence of Mr. Ott's prior convictions is also prejudicial and has no probative value related to any issues at trial. As a result, this evidence is also barred under Rule 403 because its prejudicial nature outweighs and probative value of which there is none. This evidence is also barred as impeachment evidence under Rule 609(b) because all of Plaintiff's felony convictions are 10 years old and has no probative value. Similarly, the law is clear that an individual's prior arrests are highly prejudicial and excluded under Rule 403, as well as classic propensity evidence precluded under Rule 404(b). *See, e.g.*, *Ratliff v. City of Chicago*, No. 10 C 739, 2012 WL 5845551, *7 (N.D. Ill. Nov. 19, 2012) ("The prejudice resulting from the introduction of evidence of Plaintiff's prior arrests substantially outweighs the limited relevance that such evidence would have in this case."); *Young v. Cook County*, No. 06 C 552, 2009 WL 2231782, at *6 (N.D. Ill. Jan.27, 2009) (excluding evidence of prior arrests in § 1983 case as "grossly unfairly prejudicial in a way that greatly outweighs its minuscule probative value"); *see also Khorrami v. Mueller*, No. 2014 WL 47059, at *6 (E.D. Wis. Jan. 6, 2014).[1]

WHEREFORE, Plaintiffs respectfully request an order barring any mention of Plaintiff's prior arrests and criminal convictions.

---

[1] Pursuant to Civil L.R. 7(j), all unreported decisions cited herein are attached as Exhibit A.

### C. Unopposed Motion *In Limine* No. 3 Barring Evidence of Plaintiff's 2014 Ordinance Violation

Plaintiff was arrested and received a municipal citation for the misdemeanor offense of driving under the influence in 2014. Defendants do not oppose Plaintiff's motion to bar any mention of this arrest.

WHEREFORE, Plaintiff respectfully requests an order barring any mention of Plaintiff's 2014 arrest.

### D. Unopposed Motion *In Limine* No. 4 Barring Evidence of Sam Hadaway's Criminal Convictions And Arrests Other Than Those That Relate To The Payne Homicide

At his deposition in this case, Mr. Hadaway testified regarding an incident he had with the police that included him testifying as to an arrest for a domestic violence charge and for obstructing a police officer. Such testimony is extremely prejudicial and should be barred under Rule 403, particularly in the light of the fact that Mr. Hadaway's arrests and/or convictions for a domestic violence or obstructing a police officer have not relevance to any claims at issue in this trial. *Geitz v. Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990) ("We are mindful of our duty to ensure that this class of civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them"). For this reason and others, it is firmly established that a witness's prior arrests are inadmissible under Federal Rules of Evidence 403 and 404(b). *E.g.*, *Cruz v. Safford*, 579 F.3d 840, 845, (7th Cir. 2009) (affirming the exclusion of seven prior arrests as highly prejudicial); *United States v. Simpson*, 479 F.3d 492, 496 (7th Cir. 2007), *abrogated in part on other grounds by United States v. Boone,* 628 F.3d 927, 933 (7th Cir. 2010) ("Introducing only prior drug convictions or bad acts, with nothing more, proves nothing but propensity.").

Defendants do not oppose barring any evidence of Mr. Hadaway's criminal convictions and arrests other than those related to the Payne homicide.

WHEREFORE, Plaintiff respectfully requests an order barring evidence of any mention of Sam Hadaway's arrests or convictions other than those related to the Payne homicide.

### E. Unopposed Motion *In Limine* No. 5 Barring Any Reference to Plaintiff or Any Witness Being Affiliated With A Gang

Plaintiff moves this Court to enter an order barring any reference to Plaintiff or any witnesses being affiliated with a gang. To be clear, there is no known allegation that any party or witness in this case is or was affiliated with any gang. Defendants do not object to this motion. Accordingly, any such references should be barred.

WHEREFORE, Plaintiff respectfully moves this Court for an order barring any reference to Plaintiff or any witnesses being affiliated with a gang.

### F. Unopposed Motion *In Limine* No. 6 Barring Any Reference to Jurors as Tax Payers or Tax Payers Footing the Bill

The City of Milwaukee is a defendant in this action for purposes of indemnification. Arguments that appeal to jurors' pecuniary interests as taxpayers are "of course" generally improper. See *Moore ex rel. Estate of Grady v. Tujela*, 546 F. 3d 423, 429 (7th Cir. 2008) (declaring the following argument improper: "The city is not a random amorphous entity. It's you. We're talking about tax dollars here."); *United States v. Scott*, 660 F.2d 1145, 1170 (7th Cir. 1981) ("Since pecuniary interests would necessarily disqualify a prospective juror from service, it is patently improper to make an appeal to that interest in closing argument"). All such similar arguments that appeal to the jurors as tax payers should be barred. Defendants do not oppose this motion.

WHEREFORE, Plaintiffs respectfully request an order barring all arguments appealing the jurors as taxpayers.

### G. Unopposed Motion *In Limine* No. 7 Barring Reference To The Defendants' Commendations, Awards Or Job Evaluations

As part of the parties agreements as to these motions *in limine,* Plaintiff has agreed not to introduce evidence of prior complaints of misconduct against the Defendant Officers, including at least one involving alleged witness coercion. Because these negative aspects of the Defendants' records are not going to be admitted at trial, it would be inappropriate to bolster the Defendants' records through positive evidence. Moreover, Defendants' work-related commendations, awards, or performance reviews are impermissible character evidence that is prohibited under Fed. R. Evid. 404(a). *Id.* ("[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion."). As stated, Defendants do not oppose this motion.

WHEREFORE, Plaintiffs respectfully request an order barring all evidence of Defendants' commendations, awards and job evaluations.

### H. Unopposed Motion *In Limine* No. 8 Barring Reference to Prior Parties

Plaintiff previously named six individuals as defendants that were later dismissed: Chief Arthur Jones, Chief Nanette Hegerty, Officers Eric Moore, Percy More, Ricky Burems, and Michael Dubis. *See* Dckt. 183. The former defendants may be called by either party as trial witnesses. The fact that these individuals used to be parties has no relevance to any triable issue in the case. Any mention of them as former defendants however, would be substantially confusing and distracting to the jury. Thus, the mere fact that these individuals were named as defendants, but later dismissed from this case would create unnecessary confusion and prejudice. *Markwardt v. McCarthy*, 717 F. Supp. 661, 663 (E.D. Wis. 1989) (granting motion in limine to exclude reference to former defendants). Defendants do not oppose this motion.

WHEREFORE, Plaintiff respectfully requests an order barring references to prior parties in this lawsuit.

I. **Unopposed Motion *In Limine* No. 9 Barring Any Reference to Plaintiff's Counsel as Being From "Out of Town"**

Plaintiff moves this Court to enter an order barring counsel for Defendants to refer to Plaintiff's counsel as being from out-of-town. Defendants do not object to this motion. Accordingly, any such references to Plaintiff's counsel as being from out-of-town should be barred.

WHEREFORE, Plaintiff respectfully moves this Court for an order barring any reference to Plaintiff's counsel being from out-of-town.

RESPECTFULLY SUBMITTED,

/s/ Jon Loevy
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Gayle Horn
Heather Lewis Donnell
Elliot Slosar
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

      I, Jon Loevy, an attorney, certify that on February 9, 2015, I filed a copy of the attached Plaintiff's Unopposed Motions *in Limine* Nos. 1-9 via the Court's CM/ECF filing system and thereby caused a copy of the same to be served on all counsel of record.

                                                   /s/ Jon Loevy