# EXHIBIT 4

**STATE OF WISCONSIN CLAIMS BOARD**

**The State of Wisconsin Claims Board conducted hearings at the State Capitol Building in Madison, Wisconsin, on April 28, 2010, upon the following claims:**



| Claimant | Agency | |
|---|---|---|
| | | |
| 2. Chaunte Ott | | |
| | | |

*The Board Finds:*



**2.     Chaunte Ott**                    The claimant spent nearly 13 years in prison after being convicted of the August 1994 murder of 16 year old Jessica Payne. Payne's body was found outside a vacant house in Milwaukee with her throat slashed and evidence of sexual assault. Police arrested and interrogated Richard Gwin and Sam Hadaway in relation to the murder and both men alleged the claimant was involved in the homicide. The claimant was arrested and charged with 1st degree intentional homicide. Both Gwin and Hadaway testified against the claimant at trial. The defense argued that Gwin and Hadaway's testimony was inconsistent and compromised by the favorable treatment they received from the State. In addition, DNA testing on the semen found at the scene was inconclusive and, despite the violent nature of the crime, there was no physical evidence linking the claimant to the crime scene. However, the claimant was convicted and sentenced to life in prison.

In 2002, the Wisconsin Innocence Project requested new DNA testing of the semen found at the Payne crime scene. The new testing technology excluded the claimant as the source of the semen. (The testing also excluded Hadaway and Gwyn.) The new DNA profile did not match any profile in national DNA databanks. In July 2007, the State informed the Innocent Project that this unknown DNA profile had been found on the victims of two other unsolved homicides within a few blocks of the Payne murder. Both of these homicides had occurred while the claimant was incarcerated.

In October 2007, the claimant filed a motion for a new trial based on the new DNA evidence. The motion was denied. The claimant appealed. In addition to the new DNA results, he submitted an affidavit signed by Hadaway recanting his trial testimony. Hadaway stated that he had been pressured by police to implicate the claimant. Hadaway's sister also stated that Hadaway had told her numerous times that he had lied at trial due to police pressure. Furthermore, the State's other witness, Gwin, had also recanted his testimony prior to his death several years after Payne's murder. Gwin's sister stated that Gwin had told her that police put severe pressure on him during the investigation and that he had to lie in order to go home. Based on the new DNA evidence and questions regarding the credibility of Gwin and Hadaway's testimony, the Court of Appeals reversed the Circuit Court and granted the claimant a new trial. The claimant was released in January 2009 and all charges were dismissed in June 2009.

In September 2009, the Milwaukee County Police Department announced that they had matched the DNA profile from 9 unsolved murders on Milwaukee's north side, including that of Jessica Payne, to a man named Walter Ellis. Mr. Ellis has been charged with the murders of seven of these victims, although he has yet to be charged with the Payne murder.

The claimant believes he has provided clear and convincing evidence of his innocence. The physical evidence at the crime scene implicates Mr. Ellis, not the claimant, indeed, there is no physical evidence linking the claimant to the crime. Furthermore, two of the State's key witnesses against the claimant have recanted their testimony. Finally, the claimant did not in any way contribute to his conviction but has steadfastly maintained his innocence.

        The Milwaukee County District Attorney's Office has no response to this claim at this time.  The Payne homicide investigation is ongoing and litigation associated with this matter is active and pending.

        The Board concludes that there is clear and convincing evidence the claimant was innocent of the crime for which he was convicted.